# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TODD BECKER,<br><br>    Defendant. | No. CR06-3022-MWB<br><br>**ORDER, AND REPORT AND RECOMMENDATION, ON MOTION FOR DISCLOSURE AND SUPPRESSION OF RECORDINGS** |

_____

The defendant has filed a motion for disclosure and suppression of "all logs, records, memoranda and other documents and recordings of the electronic surveillance or wire tapping directed against the defendant[.]" (Doc. No. 18) Specifically, the defendant seeks disclosure of recordings, logs, and the like of telephone calls made by the defendant from the Woodbury County Jail. He also seeks to suppress any such recordings on the grounds that he did not consent to being recorded, there was no order authorizing interception of his telephone conversations, and the recordings of his telephone conversations were obtained in violation of his Fourth Amendment rights. (*Id.*)

The court first addresses the defendant's request for disclosure of the telephone recordings. At the defendant's arraignment, defense counsel and the Government entered into this district's standard discovery stipulation, which provides, *inter alia*, that the Government will include in the discovery file all "evidence or existing summaries of evidence in the custody of the United States Attorney's Office, which provide the basis for the case against the defendant." (Doc. No. 14, § XVII.A.) If the Government withholds information from the discovery file, the Government must place a notice to that effect in the file. (*Id.*, § XVII.B.) Pursuant to the terms of the stipulated discovery order, any recordings made of the defendant's telephone conversations that bear any relevance whatsoever to this case will be included in the discovery file, or will be described as

required if they are withheld. Accordingly, the defendant's motion for disclosure of the recordings is **denied**.

The court next turns to the issue of whether any such recordings should be suppressed on the basis that interception of the defendant's telephone conversations violated his Fourth Amendment rights. The Eighth Circuit has held repeatedly that when an institution advises inmates that their phone calls are subject to monitoring or recording, whether by way of an inmate handbook, signs near the phone, or other means, then inmates who make phone calls from the jail impliedly consent to the taping of their phone calls. *See, e.g.*, *United States v. Morin*, 437 F.3d 777, 780 (8th Cir. 2006) (citing *United States v. Horr*, 963 F.2d 1124, 1126 (8th Cir. 1992)). The Eighth Circuit further has held any such recorded conversations are admissible at trial. *Id*.

Becker has alleged simply that he "did not consent to being recorded." (Doc. No. 18, p. 1) He has not alleged the jail failed to advise him that telephone calls were subject to being recorded or monitored.[1] As a result, he has failed to allege even the basic facts necessary to prevail on this motion, and the motion should be denied.

IT IS THEREFORE RESPECTFULLY RECOMMENDED, unless any party files objections to this Report and Recommendation as specified below, that Becker's motion to suppress any telephone conversations recorded while he was at the Woodbury County Jail be **denied**.

---

[1] The undersigned is aware from numerous hearings in criminal cases in this district that the Woodbury County Jail informs inmates that their conversations are subject to being monitored or recorded by means of the prisoner handbook, signs located by the phones, and an audible notice at the beginning of each phone call.

Any party who objects to this report and recommendation must serve and file specific, written objections **by no later than September 15, 2005**. Any response to the objections must be served and filed **by no later than September 19, 2005.**

**IT IS SO ORDERED.**

**DATED** this 11th day of September, 2006.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT