# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TODD BECKER,<br><br>    Defendant. | No. CR06-3022-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS** |

_____

## I. *INTRODUCTION AND BACKGROUND*

On June 7, 2006, a one count indictment was returned against defendant Todd Becker charging him with possessing 5 grams or more of pure methamphetamine with intent to distribute and possessing marijuana all within 1000 feet of a school after being convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(D), 851, and 860. Defendant Becker has filed a motion to suppress "all records, memoranda and other documents and recordings of electronic surveillance or wiretapping directed against the defendant". Motion at 1. In his motion to suppress, defendant Becker specifically seeks to suppress any recordings of telephone calls made by defendant Becker while detained at the Woodbury County jail or any evidence derived from the interception of such calls. Defendant Becker contends that the evidence should be suppressed because: he did not consent to his conversations being recorded, his communications were unlawfully intercepted, that the interceptions were made without authorization or a warrant, and that interception of his telephone calls from the Woodbury County Jail violated his right to privacy under the Fourth Amendment of the United States

Constitution.

Defendant Becker's motion to suppress was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On September 11, 2006, Judge Zoss filed a Report and Recommendation in which he recommends that defendant Becker's motion to suppress be denied. Judge Zoss concluded that defendant Becker had failed to "allege even the basic facts necessary to prevail on this motion, and the motion should be denied." Report and Recommendation at 2. Neither the government nor defendant Becker have filed objections to Judge Zoss's Report and Recommendation.[1]

## II. LEGAL ANALYSIS

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.)

---

[1] The court notes that the Report and Recommendation set the deadline for filing objections to the Report and Recommendation as "September 15, 2005." Report and Recommendation at 3. This date is an obvious typographical error which would not confuse a party with regard to the deadline for filing objections to the Report and Recommendation. The court notes that the CM-ECF docket clearly indicates that objections were due by September 15, 2006.

2

(citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

As the court noted above, no party has filed an objection to Judge Zoss's Report and Recommendation, and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them. Therefore, the court **accepts** Judge Zoss's Report and Recommendation of September 11, 2006, and orders that defendant Becker's motion to suppress is **denied**.

**IT IS SO ORDERED.**

**DATED** this 20th day of September, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA