**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>TODD BECKER,<br><br>        Defendant. | No. CR 06-3022-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING THE PARTIES' PRETRIAL EVIDENTIARY MOTIONS** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Charges* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. The Pending Motions* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *A. Rule 104* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *B. The Government's Motion To Admit Becker's Probation Status* . . . . . 5
      *1.   Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
      *2.   Arguments of the parties* . . . . . . . . . . . . . . . . . . . . . . . . 6
         *a.   The government's argument* . . . . . . . . . . . . . . . . . . 6
         *b.   Becker's response* . . . . . . . . . . . . . . . . . . . . . . . . 7
      *3.   Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
         *a.   Intrinsic or direct evidence* . . . . . . . . . . . . . . . . . . 8
         *b.   Rule 404(b) evidence* . . . . . . . . . . . . . . . . . . . . . 9
         *c.   Probative value versus potential prejudice* . . . . . . . . 12
   *C. Becker's Motion To Exclude His 1988 Conviction* . . . . . . . . . . . . . . 14
      *1.   Arguments of the parties* . . . . . . . . . . . . . . . . . . . . . . . 14
         *a.   Becker's argument* . . . . . . . . . . . . . . . . . . . . . . 14
         *b.   The government's response* . . . . . . . . . . . . . . . . . 14
      *2.   Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## I. INTRODUCTION

### A. *Charges*

A Grand Jury handed down the original one-count Indictment (docket no. 1) in this case on June 7, 2006, charging defendant Todd Becker with possessing, with intent to distribute, methamphetamine and marijuana, within 1,000 feet of a school, after a prior felony drug conviction. Subsequently, on November 16, 2006, a Grand Jury handed down a Superseding Indictment (docket no. 48) adding a conspiracy charge. Thus, the charges against defendant Becker, as they now stand, are the following: **Count 1** of the Superseding Indictment charges that, between about 2004 and continuing until January 3, 2006, defendant Becker knowingly conspired to distribute 5 grams or more of actual (pure) methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of marijuana, within 1,000 feet of a school, after a felony drug conviction, all in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(D), 846, 851, and 860. **Count 2** charges that, on or about January 3, 2006, defendant Becker knowingly and intentionally possessed, with intent to distribute, a mixture or substance that contained five grams or more of actual (pure) methamphetamine and a mixture or substance containing a detectable amount of marijuana, within 1,000 feet of a school after a felony drug conviction, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(D), 851, and 860. The Superseding Indictment charges that the school in question on each count was Sheffield Elementary School at 504 Park Street in Sheffield, Iowa. The prior felony

2

Case 3:06-cr-03022-MWB   Document 76   Filed 05/31/07   Page 2 of 18

drug conviction alleged in each count is a conviction for possession with intent to deliver methamphetamine in the Iowa District Court for Hamilton County on or about July 7, 1988.[1] The government has notified the court that, to simplify the trial, it will no longer pursue the marijuana charges against defendant Becker. Thus, only the methamphetamine portions of the conspiracy charge and the possession with intent to distribute charge will go to the jury.

Trial in this matter is currently set to begin on June 4, 2007.

### *B. The Pending Motions*

In anticipation of trial, the parties have filed two evidentiary motions. The first such motion is the government's February 21, 2007, Motion In Limine (docket no. 66), which was filed in anticipation of an earlier trial date. In that motion, the government seeks a ruling, pursuant to Rule 104(a) of the Federal Rules of Evidence, that the defendant's probation status at the time of the charged offenses is admissible as intrinsic evidence of the charged offenses or, in the alternative, pursuant to Rule 404(b) of the Federal Rules of Evidence to demonstrate the defendant's knowledge and intent. Defendant Becker did not respond to that motion within five court days, as required by the August 14, 2006, Order Setting Jury Trial In Criminal Cases (docket no. 14) and N.D. IA. L.CR.R. 47.1(a). However, by order dated May 23, 2007 (docket no. 72), the court noted that the government's motion had been filed shortly before the trial was continued from

---

[1] The prior conviction was charged in the Superseding Indictment as having occurred on or about January 1, 1990. However, on February 21, 2007, the court granted the government's motion to amend the Superseding Indictment to state the date of the prior conviction as July 7, 1988. *See* Order of February 21, 2007 (docket no. 65).

3

March 7, 2007, to June 4, 2007, so that the court deemed it appropriate to set a deadline of May 29, 2007, for Becker's response. Becker filed no response by that deadline.

The second motion now before the court is defendant Becker's May 23, 2007, Motion To Exclude Evidence (docket no. 73), which seeks to exclude evidence of Becker's 1988 conviction pursuant to Rules 403, 404, and 609 of the Federal Rules of Evidence. That motion was technically untimely, because it was not filed at least 14 days before the commencement of trial, again as required by the August 14, 2006, Order Setting Jury Trial In Criminal Cases (docket no. 14). Nevertheless, the court deems it appropriate to consider the evidentiary question presented pretrial, rather than address it in the course of trial, to facilitate a smooth presentation of the case to the jury. The government filed its Resistance To Defendant's Motion In Limine Regarding Defendant's Prior Conviction (docket no. 75) on May 30, 2007.

These motions are now fully submitted.

## II. LEGAL ANALYSIS
### A. *Rule 104*

As a preliminary matter, the court notes that Rule 104 of the Federal Rules of Evidence provides, generally, that "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court. . . ." FED. R. EVID. 104. Such preliminary questions may depend upon such things as whether the factual conditions or legal standards for the admission of certain evidence have been met. *See id.*, Advisory Committee Notes, 1972 Proposed Rule. This rule, like the other rules of evidence, must be "construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that truth may be ascertained and proceedings justly determined." FED. R. EVID. 102. The

4

court concludes that preliminary determination of the admissibility of evidence presented or challenged in the parties' evidentiary motions will likely serve the ends of a fair and expeditious presentation of issues to the jury. Therefore, the court turns to consideration, in turn, of the admissibility of the evidence put at issue in the parties' pretrial evidentiary motions.

### B. *The Government's Motion To Admit Becker's Probation Status*
#### 1. *Background*

In support of its motion to admit evidence of defendant Becker's probation status, the government provides the following background, which is unchallenged by Becker. In addition to the prior conviction in 1988 charged in the Superseding Indictment, defendant Becker was convicted on November 1, 2005, of possession of a controlled substance without a prescription and, as a result, was placed on probation until November 1, 2007. The conditions of Becker's probation allowed home visits and necessary searches predicated upon reasonable suspicion, *i.e.*, without probable cause or a search warrant.

The government contends that, on or about the last week of December 2005, Becker's probation officer learned that Becker's girlfriend, Lisa Severson, had been arrested for possession of methamphetamine. At the time of her arrest, Severson was living with Becker. The probation officer contacted law enforcement to request assistance in conducting a home visit pursuant to Becker's conditions of probation, on the ground that Becker's girlfriend's arrest provided the required reasonable suspicion.

On January 3, 2006, Becker's probation officer and a law enforcement officer conducted a search of Becker's shop and residence pursuant to reasonable suspicion arising from his live-in girlfriend's arrest. They explained the reason for their search to Becker when they arrived at the residence. In Becker's residence, the officers observed a safe in

5

a room next to Becker's bedroom. Becker opened the safe, revealing therein two plastic bags, one of which contained a crystalline substance that appeared to be methamphetamine. Further searching uncovered more than 27.38 grams of pure methamphetamine, more than $17,000 in cash, hundreds of small plastic baggies, a digital scale, and a small amount of marijuana. Becker was then arrested on the present charges.

### 2. *Arguments of the parties*

#### a. *The government's argument*

In its Motion In Limine, the government seeks a ruling that Becker's probation status at the time of the charged offenses is admissible as intrinsic evidence of the charged offenses or, in the alternative, pursuant to Rule 404(b) of the Federal Rules of Evidence to demonstrate the defendant's knowledge and intent. In support of its "intrinsic evidence" argument, the government asserts that it is necessary to present to the jury the entire factual context of the charged offenses, including evidence of Becker's probation status, because his probation status is an essential piece of evidence that explains the circumstances surrounding the search of his residence. The government contends that the probative value of this evidence is not outweighed by any prejudicial effect, because it is "imperative" that the jurors understand the context of the charged offenses, and the prejudicial effect of the evidence is minimal. The government also explains that it does not intend to belabor the issue of Becker's probation status beyond what is necessary to present the factual context of his probation. Moreover, the government contends that a limiting instruction would be an effective measure to inform the jury of the nature of the evidence. The government does not, however, proffer such a limiting instruction, either with its motion or with the Joint Proposed Jury Instructions filed on May 23, 2007 (docket no. 74).

In the alternative, the government argues that evidence of Becker's probation status is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence, because it is "bad acts" evidence that is probative of knowledge and intent. Somewhat more specifically, the government argues that Becker's prior conviction and probation status demonstrate Becker's knowledge and intent to distribute the 27 grams of actual (pure) methamphetamine found in his residence. Thus, the government contends that the evidence of Becker's prior conviction and probation status are highly probative of his knowledge and intent related to the charged offenses. The government also argues that the nature of probation also demonstrates the increased probative value of the evidence, because it is even more probative than an aged, but allowable conviction, because it is closer in time to the charged offenses. The government also argues that Becker's probation status "indicates proximity of defendant's prior conduct, and furthermore, demonstrates defendant's knowledge of restrictions in effect at the time of his new criminal conduct." The government also argues that evidence of Becker's probation status at the time of the charged offenses is not more prejudicial than probative, but does not attempt to characterize any potential prejudice from such evidence.

### b. *Becker's response*

As mentioned above, Becker filed no response to the government's motion, even when the court set a specific deadline for him to do so after he had failed to file a timely response. Becker did appear to make a passing reference to the government's motion in his own Motion To Exclude Evidence, challenging the admissibility of his 1988 conviction, which was filed after the court set a deadline for his response to the government's Motion In Limine. In his own motion, Becker commented that he has no objection to the government introducing evidence of his November 1, 2005, *conviction*. He made no mention, however, of the admissibility of his *probation status*.

7

### 3. Analysis

#### a. Intrinsic or direct evidence

As the Eighth Circuit Court of Appeals recently explained, "One of the exceptions to the general rule that evidence of other crimes committed by a defendant is inadmissible is when the proof provides the context in which the charged crime occurred—'the res gestae.'" *United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005) (citing *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984)). More specifically,

> [The Eighth Circuit Court of Appeals has] held that Rule 404(b), which governs the admission into evidence of wrongful conduct other than the conduct at issue, applies "only to 'extrinsic' and not to 'intrinsic' evidence." *United States v. Swinton*, 75 F.3d 374, 377 (8th Cir. 1996). Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred. *United States v. Forcelle*, 86 F.3d 838, 842 (8th Cir. 1996). Such evidence is admitted because "the other crime evidence 'completes the story' or provides a 'total picture' of the charged crime." *Id*.

*United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006). However, "'[i]n those cases in which [the Eighth Circuit Court of Appeals has] approved the use of other crimes evidence as an integral part of the context of the crime charged, the other crime evidence was closely or inextricably intertwined with the charged crime.'" *Fleck*, 413 F.3d at 890 (quoting *United States v. Forcelle*, 86 F.3d 838, 842 (8th Cir. 1996)). To put it a different way, "'crimes or acts which are "inextricably intertwined" with the charged crime are not extrinsic and Rule 404(b) does not apply.'" *United States v. Adams*, 401 F.3d 886, 899 (8th Cir. 2005) (quoting *United States v. O'Dell*, 204 F.3d 829, 833 (8th Cir. 2000)). Similarly, "direct" evidence of a charged offense, that is, evidence showing a charged crime was committed or establishing an element of a charged crime, is not evaluated under

8

Rule 404(b). *See, e.g., United States v. Evans*, 272 F.3d 1069, 1083 (8th Cir. 2001), *cert. denied*, 535 U.S. 1029 (2002); *United States v. Jones*, 266 F.3d 804, 814 (8th Cir. 2001); *United States v. Maynie*, 257 F.3d 909, 915-16 (8th Cir. 2001), *cert. denied*, 535 U.S. 944 (2002).

Evidence of Becker's probation status may be "intrinsic" evidence, in some tangential sense, in that it provides the "context" in which the charged crimes *were discovered*, and "completes the story" of the manner in which the charged crimes *were discovered*, but it actually does nothing to prove the context or tell the story of the *commission* of any crime. *Cf. Johnson*, 463 F.3d at 808 ("intrinsic" evidence provides "the context in which the charged crime *occurred*" and "'completes the story' or provides a 'total picture' of the charged crime") (emphasis added). Because all the evidence of Becker's probation status does is explain the circumstances under which the government executed a search of Becker's residence, it is not, in the court's view, "intrinsic" evidence of any charged crime. Evidence of Becker's probation status certainly is *not* "direct" evidence of any charged offense, as nothing about Becker's probation status shows that the charged crimes were committed or establishes any element of any charged crime. *See Evans*, 272 F.3d at 1083 (defining "direct" evidence). Thus, evidence of Becker's probation status may have, at most, some marginal probative value to show the context in which his illegal conduct was discovered.

### b. *Rule 404(b) evidence*

In the alternative, the government argues that Becker's probation status is "bad acts" evidence admissible pursuant to Rule 404(b) of the Federal Rules of Evidence. Rule 404(b) provides for the admissibility of prior "bad acts" evidence, including evidence of prior convictions, as follows:

9

> **(b) Other Crimes, Wrongs, or Acts.**—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

FED. R. EVID. 404(b). The Eighth Circuit Court of Appeals has explained the scope of admissibility of evidence pursuant to Rule 404(b):

> While we have interpreted Rule 404(b) to be a rule of inclusion, *see United States v. Sykes*, 977 F.2d 1242, 1246 (8th Cir. 1992), this interpretation does not give the government the unhindered ability to introduce evidence of prior crimes. Instead, the evidence of prior crimes must be 1) relevant to a material issue; 2) similar in kind and not overly remote in time to the charged crime; 3) supported by sufficient evidence; and 4) such that its potential prejudice does not substantially outweigh its probative value. *See United States v. Williams*, 308 F.3d 833, 837 (8th Cir. 2002).

*United States v. Crenshaw*, 359 F.3d 977, 998 (8th Cir. 2004); *accord United States v. Lakoskey*, 462 F.3d 965, 979-80 (8th Cir. 2006) (reiterating that Rule 404(b) is a rule of inclusion and that evidence is admissible under Rule 404(b) if it satisfies the same four-factor test), *cert. denied*, ___ U.S. ___, 127 S. Ct. 1388 (2007). Rule 404(b) applies not just to prior convictions, but to other "wrongs or acts." *See* FED. R. EVID. 404(b) (the rule applies to "wrongs or acts" as well as convictions); *see also United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002) (applying the same four-factor test for admissibility under Rule 404(b) to drug activity that was not part of a prior conviction). Because Rule

10

404(b) is construed as a rule of "inclusion," the Eighth Circuit Court of Appeals will reverse admission of purported Rule 404(b) evidence "'only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts.'" *United States v. Marquez*, 462 F.3d 826, 830 (8th Cir. 2006) (quoting *United States v. Thomas,* 398 F.3d 1058, 1062 (8th Cir. 2005), with internal quotations omitted).

The court finds that the government's arguments for admissibility of Becker's probation status do not clearly distinguish between evidence of his 2005 conviction and evidence of his probation status resulting from that conviction. That distinction, however, is critical, both to determine the probative value of evidence of Becker's probation status and to determine the prejudicial effect of that evidence. Becker's 2005 conviction for possession of a controlled substance without a prescription might be relevant to a material issue of knowledge or intent for purposes of proving the present charges. *See Lakoskey*, 462 F.3d at 979-80 (first factor for admissibility under Rule 404(b) is relevance to a material issue); *Crenshaw*, 359 F.3d at 998 (same); *Frazier*, 280 F.3d at 847 (same for "bad acts" evidence not part of a prior conviction); *see also Marquez*, 462 F.3d at 830 (the Eighth Circuit Court of Appeals has "frequently upheld the admission of prior drug convictions to show knowledge and intent when the defendant denied the charged drug offense"). Indeed, Becker has expressly conceded the admissibility of his 2005 conviction. On the other hand, the court is wholly unconvinced that Becker's probation status as a result of the 2005 conviction has any relevance to the material issues of knowledge and intent, because probation status is not an "act" showing knowledge or intent to engage in certain conduct, but a "status." Similarly, while Becker's 2005 conviction may be similar in kind to and not remote in time from the charged conduct—a matter on which the court has some doubt, because the court has no idea what controlled substance Becker was

11

convicted of possessing without a prescription in 2005 and no indication that the 2005 conviction involved any intent to distribute—but his probation status has no similarity at all, again because it is a "status," not an "act." *See id.* (second factor is similarity to charged conduct and nearness in time). Becker's 2005 conviction and probation status resulting from that conviction are similar only to the extent that there is likely to be adequate proof of both. *See id.* (third factor is support by sufficient evidence). Thus, Becker's probation status is of very doubtful relevance to issues for which the government contends that it is admissible pursuant to Rule 404(b), just as its probative value as "intrinsic" evidence is very doubtful.

### c. *Probative value versus potential prejudice*

The foregoing analysis leaves only the question of whether the probative value of the evidence of Becker's probation status—as either "intrinsic" evidence or Rule 404(b) evidence—outweighs any potential prejudice arising from that evidence. *See* FED. R. EVID. 403 (relevant evidence may be excluded if its probative value is outweighed by its potential for prejudice); *Lakoskey*, 462 F.3d at 979-80 (final factor for admissibility under Rule 404(b) is that potential for prejudice does not exceed probative value); *Crenshaw*, 359 F.3d at 998 (same); *Frazier*, 280 F.3d at 847 (same for "bad acts" evidence not part of a prior conviction). As noted above, the court is wholly unconvinced by the government's bald assertion that Becker's *probation status* is somehow relevant, in and of itself, to show knowledge or intent. Indeed, the government's assertion that Becker's probation status demonstrates his knowledge of restrictions in effect at the time of his new criminal conduct suggests that the government intends to offer the evidence to show Becker's criminal propensity, because his probation restrictions are in no way elements of or probative of the charged offenses. *See Marquez*, 462 F.3d at 830 (evidence is inadmissible pursuant to Rule 404(b) when it clearly has had no bearing on the case and is introduced solely to

12

prove the defendant's propensity to commit criminal acts). Although Becker's probation status may be relevant to explain why he had been subjected to a search at all, that observation simply begs the question of the probative value and potential prejudicial effect of any explanation of why the search occurred, or at least, why it occurred based only on reasonable suspicion, rather than pursuant to a warrant based on probable cause. The court finds no necessity whatsoever to the government's case to explain that the search of Becker's residence occurred for any other reason than the arrest of his live-in girlfriend on charges of possession of methamphetamine.

Ultimately, the court concludes that evidence of Becker's probation status should be excluded, because the serious potential prejudice arising from the possibility that the jurors might convict Becker of the charged offenses for the unrelated reason that he violated the terms of his probation, rather than on the basis of evidence of charged wrongdoing, exceeds the relatively limited probative value of such evidence, if any. Certainly, evidence of Becker's probation status is, at best, cumulative of other evidence of Becker's drug activities and admissible 2005 conviction. Moreover, evidence of Becker's probation status is *not* more probative than evidence of the 2005 conviction at issue in this case, as the government contends, because the prior conviction is not "aged," and Becker's probation status sheds no light, or no significant light, on Becker's knowledge or intent in committing the charged offenses. Therefore, evidence of Becker's probation status will *not* be admissible at trial, and the government's motion in limine will be denied.[2]

---

[2]The court recently reached a similar conclusion that a defendant's parolee status was not admissible, for similar reasons, rejecting similar arguments by the government for admissibility of such evidence. *See United States v. Cole*, 2007 WL 1283901 (N.D. Iowa
(continued…)

### C. Becker's Motion To Exclude His 1988 Conviction

#### 1. Arguments of the parties

##### a. Becker's argument

In his Motion To Exclude Evidence, Becker seeks to exclude evidence of his 1988 conviction pursuant to Rules 403 and 404 of the Federal Rules of Evidence. Somewhat more specifically, Becker argues that his 1988 conviction for possession with intent to deliver methamphetamine should not be admitted, even to show motive, intent, plan, or knowledge, because that conviction simply does not show motive, intent, plan, or knowledge to conspire to distribute or to possess with intent to distribute methamphetamine in 2006. He also argues that a 19-year-old conviction is more prejudicial than probative. Thus, he contends that evidence of his 1988 conviction should be excluded pursuant to Rules 404 and 609, even for impeachment, because its probative value is outweighed by its potential for prejudice.

##### b. The government's response

In its Resistance, the government asserts that it will offer Becker's 1988 conviction pursuant to Rule 404(b), but withdraws its notice of intent to introduce evidence of that conviction for impeachment purposes under Rule 609. The government contends that this conviction is material to issues of the defendant's motive, knowledge, intent, and absence of mistake in committing a charged offense, possession with intent to distribute

---

[2](…continued)
April 30, 2007) (slip op.). The government should sense a trend developing and should be assured that the court will continue to exclude evidence of a defendant's probation or parolee status unless the government advances some much firmer ground for admissibility of such evidence.

14

methamphetamine.³ Because the 1988 conviction involved the same controlled substances at issue here, the government asserts that the 1988 conviction is similar in kind and is more probative than prejudicial. The government also asserts that the date of the prior conviction is not overly remote, because the standard is reasonableness, not number of years, and the Eighth Circuit Court of Appeals has repeatedly affirmed introduction of prior convictions at least as old as the one at issue here.

### 2. *Analysis*

The court outlined above the analysis of admissibility of a prior conviction pursuant to Rule 404, including a balance of probative value of the evidence for a purpose permitted by Rule 404(b) against the potential for prejudice. *See Lakoskey*, 462 F.3d at 979-80 (final factor for admissibility under Rule 404(b) is that potential for prejudice does not exceed probative value); *Crenshaw*, 359 F.3d at 998 (same). Rule 609 also permits evidence of a defendant witness's prior conviction to be admitted for purposes of attacking the defendant witness's truthfulness "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." FED. R. EVID. 609(a). Furthermore, evidence of a prior conviction is not admissible under Rule 609 "if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." FED. R. EVID. 609(b).

---

³The government erroneously asserts that the prior conviction involved crack cocaine and that the charged offenses involved crack cocaine and, at one point, that the charged offenses involved heroin. The government is mistaken, as both the prior conviction and the charged offenses both involved or allegedly involved methamphetamine.

15

Although the court finds that Becker's 1988 conviction is an element that the government is required to prove for purposes of sentencing enhancements, *see* 21 U.S.C. § 841(b)(1)(A), (B), (D), a prior conviction used for such purposes need not be proved to a jury. *See, e.g., Cunningham v. California*, ___ U.S. ___, 127 S. Ct. 856, 868 (2007) ("Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'") (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Moreover, even assuming that the 1988 conviction is (1) relevant to prove a material issue, such as motive, intent, plan, knowledge, etc., (2) that this prior conviction is similar in kind, where it was also for distribution of a controlled substance, and (3) that it will be supported by sufficient evidence, the court finds that it is remote in time, in that it occurred nearly nineteen years before the charges in this case were handed down, and (4) that its potential prejudice *does* substantially outweigh its probative value. *Lakoskey*, 462 F.3d at 979-80 (factors for admissibility under Rule 404(b)); *Crenshaw*, 359 F.3d at 998 (same). As such, it is not admissible pursuant to Rule 404. The government is correct that the Eighth Circuit Court of Appeals has stated that "[p]roximity in time is one factor in determining the relevance of a prior drug conviction, but the standard is reasonableness, not an absolute number of years." *United States v. Love*, 419 F.3d 825, 828 (8th Cir. 2005) (holding that the district court was well within its discretion to admit prior convictions that were ten or twelve years old on the ground that they were "very similar" and "not overly remote"). Nevertheless, this prior conviction is so old that it provides, at best, only slight inferences about the defendant's knowledge and intent in committing acts in 2006, but it poses a significant risk that the jury will convict the defendant on the basis that he is a long-time felon, rather than on any evidence that he committed the charged offenses. The situation might be different if, for example, the new offenses were

16

allegedly committed at the defendant's first opportunity after a release from imprisonment on the prior conviction, but that does not appear to be the case here. The 1988 conviction is also needlessly cumulative, and hence prejudicial, where there is evidence of a more recent and, therefore, at least as probative prior drug conviction in 2005, and other evidence of drug-trafficking activity. Under the circumstances, admission of evidence of the 1988 conviction would not be "reasonable." *See Love*, 419 F.3d at 828 ("reasonableness," not the age of the prior conviction, is relevant to "remoteness" and, hence, admissibility under Rule 404(b)). Evidence of the 1988 conviction will not be admissible pursuant to Rule 404(b).[4]

Therefore, Becker's Motion To Exclude Evidence will be granted.

### III. CONCLUSION

Upon the foregoing,

1. The government's February 21, 2007, Motion In Limine (docket no. 66), seeking a ruling, pursuant to Rule 104(a) of the Federal Rules of Evidence, that the defendant's probation status at the time of the charged offenses is admissible, is **denied**.

2. Defendant Becker's May 23, 2007, Motion To Exclude Evidence (docket no. 73), which seeks to exclude evidence of Becker's 1988 conviction pursuant to Rules 403, 404, and 609 of the Federal Rules of Evidence is **granted**. The government shall be

---

[4] Similarly, were the government to change its mind again, and attempt to use this prior conviction for purposes of impeachment, the court finds that this prior conviction is unduly prejudicial, *see* FED. R. EVID. 609(a)(1) (the court must determine that the probative value of the evidence outweighs its prejudicial effect), and that no interest of justice will be served by admitting this prior conviction. FED. R. EVID. 609(b).

17

precluded from presenting or eliciting any evidence or argument at trial concerning defendant Becker's 1988 conviction.

**IT IS SO ORDERED.**

**DATED** this 31st day of May, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

18